


**IT IS ORDERED as set forth below:**

**Date: February 26, 2018**

**Paul Baisier**
**U.S. Bankruptcy Court Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re:<br><br>**CHERICE CHAMAINE MITCHELL,**<br><br>Debtor. | CASE NUMBER<br><br>**17-68428-PMB**<br><br>CHAPTER 7 |
| **1ST FRANKLIN FINANCIAL CORP.,**<br><br>Movant,<br><br>**v.**<br><br>**CHERICE CHAMAINE MITCHELL,**<br><br>Respondent. | CONTESTED MATTER |

**ORDER DENYING 1ST FRANKLIN FINANCIAL CORP.'S MOTION TO DISMISS FOR FAILURE TO PROVIDE TIMELY TAX RETURNS**

1st Franklin Financial Corp. (the "Movant") filed a *Motion to Dismiss for Failure to Provide Timely Tax Returns* (the "Motion")(Docket No. 23) on December 13, 2017. A hearing was held on the Motion on February 5, 2018 at 2:00 p.m. (the "Hearing"). In the Motion, Movant asserts that, pursuant to 11 U.S.C. § 521(e)(2)(A), the Debtor was required to provide to

the Chapter 7 Trustee (and any timely requesting creditor), no later than seven (7) says before the first-scheduled meeting of creditors, "a copy of the Federal Tax Return for the most recent tax year prior to filing . . ." (Docket No. 23, para. 1).[1] Movant further asserts that, after making its timely request for the Debtor's most recently filed tax return (filed with the Court at Docket No. 15), the Debtor failed to provide it with such tax return, and that pursuant to 11 U.S.C. § 521(e)(2)(B), this case must be dismissed.

BACKGROUND

At the Hearing, counsel for Movant appeared in support of the Motion, and the Debtor appeared *pro se* in opposition. It was undisputed that the Debtor had not filed a federal income tax return in 2016, the most recent tax year prior to the filing of this case.[2] The Debtor also stated at the Hearing that the last tax return she filed was for 2007, that she was not required to file federal income tax returns from 2008 to 2014 because she earned only nontaxable income during those years, and that her income in 2015 was below the threshold amount required for filing a federal tax return. The Debtor further noted that, at the meeting of creditors held on November 27, 2017, Martha A. Miller, the Chapter 7 Trustee appointed in this case (the "Trustee"), advised the Debtor to file an affidavit of tax returns as to the 2015 and 2016 tax years, and that filing such an affidavit would relieve the Debtor of providing any further

[1] This contention about the tax return requirement of 11 U.S.C. § 521(e)(2)(A)(i) is not entirely accurate, as the provision states that the Debtor must provide "not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case *and for which a Federal income tax return was filed*." (emphasis added). Hence, the tax return requirement is two-fold—the Debtor must provide a tax return that is both: (1) the tax return for the most recent tax year ending immediately before the petition date, and (2) a tax return that was *actually* filed. *See generally supra*.

[2] The parties do dispute, however, whether the Debtor was required to file a return for 2016. The Debtor stated that, although she had graduated from law school and was earning some income during 2016, she believed her income was not high enough to require the filing of a return. Movant, however, contended that the Debtor's income, as described in her Statement of Financial Affairs for Individuals Filing for Bankruptcy, met the threshold for filing a return. For the purposes of this Order, whether the Debtor was required to file a tax return for 2016 is not relevant.

documentation regarding her tax returns to the Trustee.[3] The Debtor complied with this request and filed an *Affidavit of Tax Returns* (Docket No. 19) that same day, asserting that (1) she had not filed an income tax return in 2015 or 2016, (2) that prior to 2015, she was not required to file an income tax return, and (3) that the last income tax return she filed was in "approximately 2007."

With regard to the tax return language of 11 U.S.C. § 521(e)(2)(A), counsel for Movant contends that a tax return "for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed" applies in this case to either the 2016 return or the 2007 return, such that the Debtor's failure to provide either tax return constitutes grounds for dismissal under 11 U.S.C. §§ 521(e)(2)(B) or (C). The Debtor reiterated that she had not filed a 2016 income tax return and therefore could not produce to the Trustee or Movant a return that did not exist. The Debtor also stated that she was unaware of where her 2007 tax return would be, how she could obtain such return, or who prepared that return, given that the 2007 tax return was filed approximately ten (10) years ago.

ANALYSIS

Section 521(e)(2)(A) states:

(A) The debtor shall provide--

(i) not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed; and

[3] The fact that the Trustee has not filed a motion to dismiss under 11 U.S.C. § 521(e)(2)(B) or joined in the Motion further supports the assertion that the Trustee believes that the Debtor has satisfied her obligations under 11 U.S.C. § 521(e)(2)(A).

> (ii) at the same time the debtor complies with clause (i), a copy of such return (or if elected under clause (i), such transcript) to any creditor that timely requests such copy.

11 U.S.C. § 521(e)(2)(A).

This statutory language has clear application where the debtor filed a federal income tax return for the tax year that ended immediately prior to the filing date of the bankruptcy case. In those circumstances, a copy of that return must be timely provided unless such production is excused under Sections 521(e)(2)(B) or (C). In this case, if the Debtor had filed a federal income tax return for 2016, a copy of that return would have needed to be provided to the Trustee and to Movant, subject to the Debtor's right to assert that failure to provide it was attributable to circumstances beyond the Debtor's control.

The application of this statutory language is less clear where the debtor did not, for whatever reason, file a federal income tax return for the tax year ending immediately prior to the commencement of the case. The language of the first part of the requirement ("for the most recent tax year ending immediately prior to the commencement of the case") would seem to require the delivery of a nonexistent return. However, the language of the second part of the requirement ("and for which a Federal income tax return was filed") could either be read to excuse delivery if no relevant return had been filed, or to point to a different year (i.e. the last year for which a return had actually been filed) in such circumstances. The reported decisions addressing similar situations reflect this ambiguity. *Compare In re Mixon*, 2011 WL 1587123 (Bankr. D. D.C. 2011)(dismissing a case filed in 2011 for failure to timely turn over a 2009 tax return where no 2010 return was filed); *Viola v. Gefreh (In re Viola),* 2010 WL 2653320 (D. Colo. 2010)(dismissing a case filed in 2009 where a 2007 return was provided late and no 2008 return was filed); *Casey v. Perkins (In re Casey),* 2007 WL 1301005 (D. N.J. 2007)(dismissing a case filed in 2006 where no returns were turned over and no 2004 or 2005 returns were filed);

*In re Merrill*, 340 B.R. 671 (Bankr. D. N.H. 2006)(declining to dismiss a case filed in 2006 where a 2004 return was provided late with an excuse and a 2005 return was not filed); *with In re Wandvik*, 2009 WL 909260 (Bankr. S.D. Iowa 2009)(interpreting statute to require only the turnover of a return from most recent year, and only if a return for that year was filed before the petition date).

Because it gives meaning to both clauses of 11 U.S.C. § 521(e)(2)(A), this Court agrees with *In re Mixon* and the cases cited therein that 11 U.S.C. § 521(e)(2)(A) means that "the debtor is required to provide a copy of the return . . . for the most recent year for which a return *has* been filed." *In re Mixon*, 2011 WL 1587123, at *1. The *Mixon* court then appropriately caveats that requirement to acknowledge the use of the word "immediately" in the statutory language. Reading from the dictionary, the *Mixon* court construes the term "immediately" in Section 521(e)(2)(A)(i) to mean "closely," such that "production of a tax return is required for a tax year that (in comparison to other years) is *closely* before the commencement of the case and for which a return was filed." *In re Mixon*, 2011 WL 1587123, at *2 (emphasis added).

Applying the *Mixon* interpretation of Section 521(e)(2)(A)(i) to the facts of this case brings the focus of inquiry to the Debtor's 2007 tax return, because it is not disputed that the Debtor did not file a Federal income tax return for tax years 2008 through 2016. However, giving content to the word "immediately", 2007 is not a taxable year that, in comparison to other years, falls "closely" before the commencement of this 2017 case.[4] Hence, under the *Mixon* analysis, the Debtor's 2007 return was not required to be provided to the Trustee (or to Movant)

---

[4] In contrast, the court in *Mixon* determined that a tax return from 2009, which was actually filed, constituted a return for a taxable year that occurred "closely" in relation to the debtor's 2011 bankruptcy case. *In re Mixon*, 2011 WL 1587123, at *3.

under Section 521(e)(2)(A).[5]

Moreover, to the extent that production of the 2007 return by the Debtor would otherwise be required by Section 521(e)(2)(A), the Debtor is relieved of any requirement to provide such tax return by virtue of 11 U.S.C. §§ 521(e)(2)(B) and (C). Written quite similarly, both subsections allow the Debtor to avoid dismissal if the Debtor's failure to provide a required tax return is attributable "to circumstances beyond the control of the debtor." 11 U.S.C. §§ 521(e)(2)(B) and (C). Here, the Court finds that Debtor's failure to provide the Trustee, and by extension, Movant, with a copy of her 2007 Federal income tax return is due to circumstances beyond her control, including: the passage of nearly ten (10) years; the fact that the Debtor does not have a copy of her 2007 federal return nor does she recall who prepared the return; and the fact that, as a lay person and *pro se* debtor, the Debtor could not reasonably be expected to obtain a copy or transcript of her 2007 return from the Internal Revenue Service.[6] As a result, the Debtor would be excused from providing her 2007 Federal income tax return pursuant to Sections 521(e)(2)(B) and (C) if she were otherwise obligated to provide it under Section 521(e)(2)(A).[7]

---

[5] Were the Court to instead have adopted the *Wandvik* analysis, the Court would have determined that the 2016 return would be the return identified by the first clause of 11 U.S.C. § 521(e)(2)(A), but that since no 2016 return had been filed as of the filing of this case, the Debtor was not required to turn over any return pursuant to 11 U.S.C. § 521(e)(2)(A).

[6] Moreover, the Debtor's 2007 tax return is irrelevant to this 2017 bankruptcy case, as it is not likely to provide helpful information to either Movant or the Trustee.

[7] Movant requested dismissal pursuant to 11 U.S.C. § 521(e)(2)(B), and did not reference Federal Rule of Bankruptcy Procedure 4002 in its request. Rule 4002 phrases the Debtor's excuse for not producing the relevant return differently ("or provide a written statement that the documentation does not exist"). Fed.R.Bankr.P. 4002(b)(2). To the extent that Rule 4002 attempts to impose an obligation on the Debtor that is inconsistent with the relevant statute, the Rule may not be enforceable under the Rules Enabling Act. 28 U.S.C. § 2075; *see In re Wilferth*, 57 B.R. 693, 694 (Bankr. D. N.M. 1986)(noting that when a Rule is inconsistent with a provision under the Bankruptcy Code, the statute controls over the inconsistent Rule). Further, the Debtor's statement that she does not have and cannot access the 2007 return is sufficient to satisfy this requirement. Finally, the Rule contains no provision requiring dismissal for failure to comply only with the Rule.

Finally, it is unclear to the Court that a creditor like Movant, standing alone, has a right to seek dismissal under Section 521(e)(2)(B) in circumstances like these, where Federal income tax returns were never delivered to (or even sought by) the Trustee. Pursuant to Section 521(e)(2)(A), under subsection (ii) Movant is only entitled to tax returns provided by the Debtor to the Trustee under subsection (i). Moreover, Movant's ability to seek dismissal for a delivery failure under Section 521(e)(2)(B) is tied to the Debtor's delivery of those returns *to the Trustee*. As explained above, the Debtor was not required to provide either the 2016 return or the 2007 return to the Trustee, nor did the Trustee attempt to obtain such returns; further, the Debtor never actually delivered such returns to the Trustee. Because no Federal income tax return was ever delivered by the Debtor to the Trustee, no deadline for providing a return to Movant has expired. *See* 11 U.S.C. § 521(e)(2)(A)(ii) ("at the same time the debtor [gives a copy of the return to the trustee]"); 11 U.S.C. § 521(e)(2)(C) ("at the time the debtor provides such tax return or such transcript to the trustee").[8] Consequently, the only failure to provide a Federal income tax return timely in this case, if there was one, would be a failure to timely provide one to the Trustee, and it would seem odd to permit Movant to have this case dismissed based on the failure of the Debtor to deliver a copy of a Federal income tax return to the Trustee that the Trustee apparently does not want.

Based on the foregoing, it is **ORDERED** that the Motion is **DENIED**.

[8] Unlike 11 U.S.C. §§ 521(e)(2)(B) and (C), Federal Rule of Bankruptcy Procedure 4002(b)(4) does not tie the delivery of the return to the creditor to its actual delivery to the trustee, but appears to create a separate obligation to deliver the same required return to the creditor. Again, it is not clear that a Rule can create these additional obligations that are arguably inconsistent with the statutory mandate. See fn. 7, *infra*. However, because the Court has determined that the Debtor was not obligated to deliver any federal income tax return to the Trustee under 11 U.S.C. § 521(e)(2)(A), and the language of 11 U.S.C. § 521(e)(2)(A) and Rule 4002(b)(3) are the same (such that no return is due to the Trustee under the Rule either), no return is due to the Movant under 4002(b)(4) either, and the issue of the breadth of the Rule is not relevant to this matter.

The Clerk's office is directed to serve this order on the Debtor, the Movant, Counsel for the Movant, the Chapter 7 Trustee, and Office of the United States Trustee.

**[END OF DOCUMENT]**